IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KELLY DUTTON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-194 |
| | : | |
| US BANKRUPTCY COURT | : | |
| EASTERN DISTRICT OF PA., *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                               **January 17, 2019**

Kelly Dutton *pro se* sues the United States Bankruptcy Court for the Eastern District of Pennsylvania, United States Bankruptcy Court Judge Magdeline D. Coleman, the City of Philadelphia, the United States Trustees Office, and Trustee William C. Miller, raising claims related to bankruptcy proceedings he hopes to renew in the United States Bankruptcy Court because he wants to stay creditors' actions against him.[1] The Bankruptcy Court scheduled proceedings but Mr. Dutton is unhappy with either unidentified orders or the Bankruptcy Court's deliberations. Mr. Dutton now moves for leave to proceed *in forma pauperis*[2] and for a temporary restraining order and preliminary injunction.[3] After review of his petition, we grant Mr. Dutton leave to proceed *in forma pauperis*. But we cannot allow Mr. Dutton to proceed on these claims seeking to alter ongoing bankruptcy court scheduled proceedings by suing the bankruptcy court, immune judicial officers and bankruptcy trustees and one of his creditors in this Court. Even while liberally construing his *pro se* Complaint, we must dismiss his Complaint and deny his Motion for a temporary restraining order and preliminary injunction.

## I. *Pro se* allegations.

Mr. Dutton sought bankruptcy protection on July 17, 2017.[4] On December 11, 2017, trustee William Miller provided him with a list of missing documents.[5] On February 16, 2019, Mr. Dutton filed an adversary case against the City of Philadelphia, one of his creditors.[6] On May 19, 2018, an "[a]dversary agreement was reach by all parties, including [the] Trustee[s] office and the Court."[7]

On August 9, 2018, Trustee William Miller moved to dismiss his bankruptcy because of Mr. Dutton's failure to file documents.[8] Mr. Dutton swears he filed the missing documents by August 28, 2018.[9] On October 4, 2018, the Bankruptcy Court rescheduled a hearing on his motion to obtain a line of credit at Mr. Miller's request so he could file an amended motion.[10] The Trustees Office indicates an objection to Mr. Dutton's motion had been filed.[11] Mr. Dutton alleges the docket does not show neither an objection nor an amended motion was filed.[12] On November 29, 2018, the Bankruptcy Court "held a Chapter 13 confirmation hearing, hearing of amended objection for Exemption, and hearing for motion to dismiss for failure to file documents."[13] Mr. Dutton claims Mr. Miller made misleading statements during this hearing and never identified the missing documents for his benefit.[14] Judge Coleman then "issued an Order [g]ranting [the] Motion to Dismiss Debtor for failure to file documents."[15] Judge Coleman dated her Order on November 29,2 018. Mr. Dutton contends "[a] [h]earing should have been scheduled to allow all parties to object to the court decision."[16] Mr. Dutton does not plead an appeal from this dismissal.

Mr. Dutton claims because Judge Coleman dismissed his bankruptcy on November 29, 2018, he "is no longer protected from creditors because the [a]utomatic [s]tay was terminated."[17] On December 10, 2018, he filed an Emergency Motion/Petition to Reopen Bankruptcy Case with the Bankruptcy Court.[18] He pleads the Bankruptcy Court scheduled a hearing on his petition for

2

January 31, 2019.[19] On December 21, 2018, Mr. Dutton filed an Emergency Petition to Reinstate the Automatic Stay, which the Bankruptcy Court rejected as there is no bankruptcy allowing an automatic stay.[20] Mr. Dutton "believe[s that] because the automatic [s]tay was rejected, the [Bankruptcy] Court ha[s] no interest reopening this case."[21]

Mr. Dutton asks we "approve the Restraining Order/Injunction against creditors from [taking] any legal action while the [C]ourt considers [his] complaint."[22] He also asks we "set a hearing on the status of [his] motion filed in Bankruptcy Court to Reopen Chapter 13 Bankruptcy case."[23] Finally, he states if his case is not reopened, this Complaint will serve as his appeal for an unidentified Order.[24]

**II.    Analysis**

We grant Mr. Dutton leave to proceed *in forma pauperis* as his sworn petition confirms he is not capable of paying the fees to commence this civil action. Having granted him the privilege of proceeding without paying fees, Congress requires we dismiss the Complaint if it is frivolous, malicious, or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[25] which requires we determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[26] "[M]ere conclusory statements do not suffice."[27] As Mr. Dutton is proceeding *pro se*, we construe his allegations liberally.[28]

**A.    There is no basis for a civil rights claim.**

While not abundantly clear, it appears Mr. Dutton may be asserting claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), regarding perceived violations of his rights to obtain a bankruptcy stay by the

3

Bankruptcy Court, a bankruptcy judge, the bankruptcy trustees and one of his creditors in his dismissed bankruptcy. He cannot maintain these claims now.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[29] The United States Bankruptcy Court for the Eastern District of Pennsylvania is part of the judicial branch of the federal government, and is therefore entitled to sovereign immunity absent a waiver.[30] Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[31] Mr. Dutton is suing Judge Coleman based upon her rulings in his bankruptcy proceedings. There is no basis for a civil rights claim against the Bankruptcy Court and Judge Coleman. If disappointed in a court ruling, Mr. Dutton must timely appeal. But he needs to identify an Order subject to an appeal now.

There is also no basis for concluding the United States Trustees Office and Trustee William Miller could be state actors subject to liability under *Bivens*.[32] Finally, nothing in the Complaint suggests how the City of Philadelphia violated Mr. Dutton's civil rights. We dismiss the civil rights claims against the United States Trustees Office, the City of Philadelphia, and Trustee Miller.

**B.    Mr. Dutton does not plead a basis to interfere in bankruptcy proceedings.**

Mr. Dutton also asks we "set a hearing on the status of [his] motion filed in Bankruptcy Court to Reopen Chapter 13 Bankruptcy case."[33] Mr. Dutton acknowledges, however, the Bankruptcy Court already scheduled this request to be heard on January 31, 2019.[34] Mr. Dutton does not plead and we cannot discern a basis allowing us to effectively control the Bankruptcy Court's docket and schedule a status hearing regarding Mr. Dutton's pending motion. Even

4

assuming he could sue the presently named defendants, we cannot provide such relief to Mr. Dutton.

Mr. Dutton also asks we "approve the Restraining Order/Injunction against creditors from [taking] any legal action while the [C]ourt considers [his C]omplaint."[35] Possibly recognizing a complaint is not the right vehicle to redress, Mr. Dutton also asks we consider his complaint as a notice of appeal from some unidentified Order. If so, he needs to timely file a notice of appeal with the bankruptcy court which may have the effect of postponing his January 31, 2019 hearing if the Bankruptcy Court finds it then lacks jurisdiction while some related issues are on appeal. We cannot convert a complaint for civil rights violations into a notice of appeal required to be filed in the United States Bankruptcy Court.

## III. Conclusion

In the accompanying Order, we grant Mr. Dutton leave to proceed *in forma pauperis* but must dismiss his Complaint with prejudice and deny his motion for immediate injunctive relief as moot.

---

[1] ECF Doc. No. 2.

[2] ECF Doc. No. 1.

[3] ECF Doc. No. 3.

[4] ECF Doc. No. 2 at 8.

[5] *Id.*

[6] *Id.* at 9.

5

---

[7] *Id.*

[8] *Id.* at 8.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 9.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 10.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.* at 10.

[23] *Id.*

[24] *Id.*

[25] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[27] *Id.*

[28] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[29] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994).

[30] *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) (per curiam) ("The [United States Bankruptcy Court for the District of Delaware] is part of the judicial branch of the Federal Government and, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quotations and alteration omitted)); *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (per curiam) (explaining that "[a] *Bivens* action is not available against the United States or one of its agencies").

[31] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

[32] *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of federal law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotations and alteration omitted)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

[33] ECF Doc. No. 2 at 10.

[34] *Id.*

[35] *Id.*